# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| SHERITA R. HART<br>a/k/a SHERITA R. KING<br>c/o Women for Human Rights & Dignity, Inc.<br>250 Church Street, Box 6558<br>Spartanburg, South Carolina 29306<br><br>          - Plaintiff,<br><br>-against-<br><br><br>AMAZON.COM, INC.<br>410 Terry Avenue N<br>Seattle, Washington 98109<br><br>AMAZON LOGISTICS, INC.<br>410 Terry Avenue N<br>Seattle, Washington 98109<br><br><br><br>          - Defendants. | **PLAINTIFF'S AMENDED COMPLAINT FOR GROSS NEGLEGENCE AND RELATED CLAIMS.**<br><br>**Case No: 6:23-cv-06754-DCC** |

## PLAINTIFF'S AMENDED COMPLAINT FOR GROSS NEGLIGENCE AND RELATED CLAIMS

*Plaintiff, Ms. Sherita Hart, being self-represented, avers, alleges, and certifies, in her Amended Complaint, that to the best of her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that this case is not being presented for any improper*

*purpose; and that the claims and other legal contentions are warranted by existing law; and that the factual contentions have evidentiary support, as follows:*

## PRELIMINARY STATEMENT

1.     Plaintiff, Sherita R. Hart a/k/a Sherita R. King brings this civil action in tort against defendants Amazon.com, Inc. and Amazon Logistics, Inc. (hereinafter "Amazon") to recover damages for, *inter alia,* gross negligence, negligent hiring, negligence supervision, and negligent infliction of emotional distress.

2.     Defendants Amazon are high technology companies engaged, in large part, in commercial package delivery and logistics delivering packaged goods to the private homes of millions of Americans daily. During the regular course of business, defendants Amazon compile and store confidential data and other information about persons and private homes of its' customers who subscribe to receive services of the defendants.

3.     As a customer of the defendants Amazon plaintiff maintained a reasonable expectation of privacy and care of her confidential personal information, including the address and location of her private resident.

4.     As a customer of the defendants Amazon plaintiff maintained a reasonable expectation that persons making deliveries made to her private residence, would not pose a physical threat to her well-being.

5.     This action seeks damages, in part, to hold defendants Amazon accountable for the

gross negligence in the hiring, training, and management in the hiring of employees and the partnering in business contracts with sub-contractors that has resulted in substantial harm to plaintiff.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to diversity jurisdiction statute, Title 28, Section 1332 of the United States Code, 28 U.S.C. § 1332(a), in the plaintiff and defendants are citizens of different states and this complaint seeks damages in excess of $75,000.

7. Venue is proper in the Greenville Division of the District Court of South Carolina pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that the plaintiff resides in this judicial district and a substantial portion of the acts that make up the basis of the Amended Complaint occurred within this judicial district.

## DEMAND FOR TRIAL BY JURY

8. Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues to triable.

## NO IMMUNITY UNDER STATE LAW

9. Plaintiff avers that the wrongful and illegal actions and inactions and omissions of defendant Amazon complained of herein were practiced with actual malice and reckless disregard towards plaintiff and her legal rights and property interests, and were willful, and constituted malicious, intentional, willful, outrageous, reckless, and flagrant misconduct, so as to deprive the defendants of any immunity under the laws of any State. Plaintiff further avers that any State law,

ordinance, proclamation, regulation, statute, etc., pursuant to which defendants claim they acted, are unconstitutional, and the defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's state and federally guaranteed rights cannot be immunized by State law.

## PARTIES

10.     At all times herein, plaintiff Sherita R. Hart is over the age of 18, a natural citizen of the United States, domiciled in the State of South Carolina, and a resident of the City of Spartanburg. Plaintiff is a citizen of the State of South Carolina for purposes of diversity jurisdiction.

11.     At all times herein, defendant Amazon.com, Inc. is a corporation organized and existing under the General Law of the State of Delaware. The original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on May 28, 1996. A Certificate of Amendment was filed with the Secretary of State of the State of Delaware on May 27, 2022. Defendant Amazon.com, Inc. maintains its' corporate headquarters at 410 Terry Avenue N, Seattle, Washington 98109. Defendant Amazon.com is a citizen of the State of Delaware and the State of Washington for the purposes of diversity jurisdiction.

12.     At all times herein, defendant Amazon Logistics, Inc. is a corporation organized and existing under the General Law of the State of Delaware. The original Certificate of Incorporation was filed with the Secretary of State of the State of Delaware on May 28, 1996. A Certificate of Amendment was filed with the Secretary of State of the State of Delaware on May 27, 2022. Defendant Amazon Logistics, Inc. maintains its' corporate headquarters at 410 Terry

Avenue N, Seattle, Washington 98109. Defendant Amazon Logistics, Inc. is a citizen of the State of Delaware and the State of Washington for the purposes of diversity jurisdiction.

## STATEMENT OF RELEVANT FACTS

13.     At all times herein, defendants Amazon operated a world-wide online merchandise shopping and delivery service to which the public was invited to participate, including a service marketed as AMAZON PRIME.

14.     At all times herein, plaintiff was a subscriber to defendants' AMAZON PRIME service, providing personal information regarding her home/residential address.

15.     That at all times herein, defendants failed to protect, and properly safeguard, its' client's private information and, as such, breached a duty of care owed to plaintiff by allowing employees like Joseph L. King and sub-contractors like Dunamis Coalitions, Inc. to access their with private and confidential address of plaintiff.

16.     At all times herein, Joseph L. King was an on-the-books employee and agent of Dunamis Coalition, LLC, with Dunamis Coalition, Inc. being a wholly controlled operative and agent of defendants Amazon.com, Inc. and Amazon Logistics, Inc.

17.     At all times herein, while operating under the direct management of defendants as a package delivery person, defendant Joseph L. King wears a uniform bearing the corporate logo of defendants Amazon.com and Amazon Logistics, Inc. In addition, while operating under the direct management of defendants Joseph L. King operates, drives, and make use of a vehicle bearing the logo of Amazon.com and Amazon Logistics, Inc.

18.     At all times herein, Joseph L. King, while operating and working on behalf of defendants and during regular business hours, did constantly harass and attempt to intimidate plaintiff by use of text messages, emails, and phone calls.

19.     That at all times herein, Joseph L. King had a criminal, social, and religious background and dangerous proclivities that should have precluded him from doing the delivery service required under an AMAZON PRIME contract, including delivery work to private person's homes under the direction of defendants Amazon.com, Inc. and Amazon Logistics, Inc. Defendants

20.     That at all times hereon, prior to Joseph L. King being first hired, knew or should have known that Joseph L. King had dangerous proclivities, posed a serious threat to the safety and well-being of defendants its' clients that should have precluded his initial hire.

21.     That at all times herein, defendants ignored warnings, and constructive notice, that defendant posed a threat to customers that bought into their services like AMAZON PRIME.

22.     At all times herein, on December 8, 2020 Joseph L. King did inflict bodily harm to plaintiff, at her home, requiring plaintiff to receive medical treatment. The Joseph L. King was arrested for the battery of plaintiff that he committed on December 8, 2020. A police report of this incident was made.

23.     At all times herein, on or about December 8, 2020, the Anderson County Criminal Court issued a No Contact Bond prohibiting Joseph L. King from having any type of contact with plaintiff, including the baring of Joseph L. King from the residential home, located at 2606 Lane Avenue, Anderson, South Carolina, that was being occupied by plaintiff and her five children. Notwithstanding the events of December 8, 2020, including the issuance of the No Contact Bond

and the filing of a police report, on December 9, 2020 the Joseph L. King entered, without consent, the plaintiff's residence by breaking into a window.

24.    At all times herein, in the middle of the night on December 26, 2020 at 3:00am Joseph L. King did forcibly, and without consent, break a back window and illegally enter the residential home of plaintiff, which was located 2606 Lane Avenue, Anderson, South Carolina. Having intentionally, wrongfully, and illegally enter the residence of plaintiff, Joseph L. King did physically hold plaintiff down against her will, denying plaintiff freedom to escape, and violently sexually assaulted plaintiff by causing sexual intercourse with plaintiff (rape), without plaintiff's consent, and causing plaintiff extreme pain, mental anguish, humiliation, apprehension, fear and physical harm, and all done in the presence of her five children.

## COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION

### NEGLIGENCE

25.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

26.    At all times herein, defendants collect, store, and maintain personal, private, and confidential information about its' customers with customers having a reasonable expectation that their personal and confidential data would be securely stored and not be used for unlawful purposes.

27. At all times herein, defendants negligently failed to properly manage, secure, and maintain the personal data of plaintiff from unlawful leaks and disclosures, causing substantial physical and emotion harm to plaintiff.

28. At all times herein, plaintiff avers that defendants knew or should have known, with the exercise of reasonable care, that they were acting in a willful, malicious, wanton, and reckless manner by their conduct and their failures would cause substantial physical and emotional harm to plaintiff.

29. Therefore, plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 (TWO-MILLION-DOLLARS) as well as costs and attorney fees.

30. Further, plaintiff asserts that defendants should be subject to punitive damages for their willful, wanton, and reckless conduct for damages complained of herein.

## COUNT TWO
## AS AND FOR A SECOND CAUSE OF ACTION

### NEGLIGENT HIRING AND SUPERVISION

31. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

32. At all times herein, defendants are employers, supervisors, managers, and responsible parties with a duty to properly hire, train and supervise persons hired to carry out their package delivery businesses, like Joseph L. King.

33. At all times herein, defendants failed to properly screen, test, and evaluate Joseph L. King prior to hiring him and detecting his dangerous proclivities and unsuitability for a job requiring contact with the public at their residences.

34. At all times herein, defendants were grossly negligence in their failure to properly train and supervise Joseph L. King and protect plaintiff from the extreme and outrageous conduct of Joseph L. King.

35. At all times herein, plaintiff avers that defendants knew or should have known, with the exercise of reasonable care, that they were acting in a willful, malicious, wanton, and reckless manner by their conduct.

36. Therefore, plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 (TWO-MILLION-DOLLARS) as well as costs and attorney fees.

37. Further, plaintiff asserts that defendants should be subject to punitive damages for their willful, wanton, and reckless conduct for damages complained of herein.

## COUNT THREE
## AS AND FOR A THIRD CAUSE OF ACTION

### NEGLIGENT RETENTION

38. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

39. At all times herein, defendants had actual and constructive notice of the dangerous proclivities of Joseph L. King and intentionally, negligently, recklessly and without care for the well-being of the public that they were serving, continued to employ Joseph L. King.

40. At all times herein, plaintiff avers that defendants knew or should have known, with the exercise of reasonable care, that they were acting in a willful, malicious, wanton, and reckless manner by their conduct.

41. Therefore, plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 (TWO-MILLION-DOLLARS) as well as costs and attorney fees.

42. Further, plaintiff asserts that defendants should be subject to punitive damages for their willful, wanton, and reckless conduct for damages complained of herein.

## COUNT FOUR
## AS AND FOR A FOURTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

44. At all times herein, defendants extreme, outrageous, and negligent conduct did cause plaintiff serious and severe emotion distress.

45. At all times herein, plaintiff avers that defendants knew or should have known, with the exercise of reasonable care, that they were acting in a willful, malicious, wanton, and reckless manner by his conduct.

46. Therefore, plaintiff is entitled to compensatory damages in the amount of $2,000,000.00 (TWO-MILLION-DOLLARS) as well as costs and attorney fees.

47. Further, plaintiff asserts that defendants should be subject to punitive damages for his willful, wanton, and reckless conduct for damages complained of herein.

## PRAYER FOR RELIEF

***WHEREFORE***, plaintiff prays for judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;

(b) issue and Order finding defendants in violation of all allegations in each and every Count of this Complaint;

(c) issue an Order compelling defendants to make necessary changes to their client databases including necessary information protective measures;

(d) award plaintiff compensatory damages of $2,000,000.00 (TWO-MILLION DOLLARS);

(e) hold defendants joint and severally liable for compensatory damages awarded to plaintiff, and *in so lido* for such damages;

(f) award plaintiff punitive damages against defendants;

(g) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;

(h) award plaintiff attorney fees and costs;

(i) make further Orders as the Court deem just, necessary, and proper.

Respectfully Submitted,

*Sherita R. Hart* (signature)

Sherita R. Hart
a/k/a Sherita R. King
Plaintiff, Self-Represented
c/o WOMEN FOR HUMAN RIGHTS & DIGNITY, INC.
250 Church Street, Box 6558
Spartanburg, South Carolina 29306
(864) 594-1216
E-Mail: sheritahart@yahoo.com

Dated:  March 12, 2024
         Spartanburg, South Carolina