IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Sherita Hart, | ) | Case No. 6:23-cv-06754-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Amazon.com, Inc., and Amazon Logistics, Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint. ECF No. 23. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On June 24, 2024, Defendants filed a motion to dismiss. ECF No. 40. Plaintiff filed a response in opposition, and Defendants filed a reply. ECF Nos. 49, 50. On October 1, 2024, the Magistrate Judge issued a Report recommending that the motion be granted. ECF No. 53. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report and a motion for leave to file a second amended complaint. ECF Nos. 59, 60. Defendants filed a response in opposition to the motion for leave to file a second amended complaint and a reply to the objections. ECF Nos. 61, 62.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the applicable law and the relevant facts, which the Court incorporates by reference. The Court will address Defendants' motion to dismiss and then Plaintiff's motion for leave to file a second amended complaint.

*Motion to Dismiss*

The Magistrate Judge recommends granting the motion to dismiss because Plaintiff's claims are barred by the statute of limitations.[1] Plaintiff claims that her ex-

---

[1] As Plaintiff filed objections to the Report, the Court's review has been de novo.

2

husband and employee of Amazon, Joseph L. King, assaulted her on December 8, 2020. She alleges that he reentered her home on December 9 and 26, 2020.  Plaintiff's claims for negligence, negligent hiring and supervision, negligent retention, and intentional infliction of emotional distress are subject to South Carolina's three-year statute of limitations.  *See* S.C. Code Ann. §§ 15-3-530(5) (stating that actions for "any injury to the person or rights of another, not arising on contract and not enumerated by law" have a statute of limitations of three years), 15-3-535 ("[A]ll actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action.").  "The statute of limitations begins to run when a cause of action reasonably ought to have been discovered," i.e., "when the facts and circumstances of the injury would put a person of common knowledge on notice that some right has been invaded or the claim against another party exists." *Benton v. Roger C. Peace Hosp.*, 443 S.E.2d 537, 539 (S.C. 1994) (citations omitted).

The Magistrate Judge determined that, by December 8, 2020, Plaintiff knew Joseph L. King (1) had "dangerous proclivities"; (2) was working for a subcontractor delivering packages for the defendants; (3) wore an Amazon uniform; and (4) was involved in assaultive conduct, having been arrested on December 8, 2020, for battering and injuring her.  Nevertheless, her complaint was not filed until December 19, 2023.  Accordingly, her claims are time-barred.

In her objections, Plaintiff states that Defendants' negligence "could not have been reasonably determined before the filing of the original complaint in this case" because the

actions of her ex-husband "could not have reasonably led to a conclusion the defendants were liable in negligence." ECF No. 59 at 1. Plaintiff has provided no support for this assertion and, indeed, the allegations in the complaint and amended complaint make clear that Plaintiff was personally aware of the facts necessary to establish her claims by December 8, 2020.[2] Accordingly, her objections are overruled.

***Motion to Amend***

In the Report, the Magistrate Judge notes that Plaintiff seems to suggest that a second amended complaint that deletes the December 8, 2020, date should be authorized, and he recommends denying this request. As noted above, Plaintiff has since filed a motion for leave to file a second amended complaint. Accordingly, the Court will review the present motion. Plaintiff seeks leave to file a second amended complaint that eliminates the December 8, 2020 date. The Court finds that the motion should be denied.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be given freely "when justice so requires." "The law is well-settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and citations omitted). The Fourth Circuit instructs that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject

---

[2] Plaintiff also states that "[a]ny suggestion that plaintiff's service of process upon defendants was improper and must be disregarded, as service of summons and complaint were authorized by this Court . . . ." ECF No. 59 at 2. Given the Court's findings on the statute of limitations, this issue is irrelevant to the outcome of this action.

4

of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999).

Here, the Court finds that the amendment proposed by Plaintiff is futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied") (citations omitted). As noted in the response in opposition to Plaintiff's motion, the relevant facts in this case would resurface during discovery. Accordingly, allowing Plaintiff to delete the December 8, 2020, date would, at best, provide a temporary respite before the issue of dismissal arose again in this action. While Plaintiff is proceeding pro se, and is therefore entitled to liberal construction, the Court is not required to unnecessarily prolong the inevitable. *See Echols v. CSX Transportation, Inc.*, No. 3:16CV294, 2017 WL 2569734, at *4 (E.D. Va. June 13, 2017), *aff'd,* 700 F. App'x 267 (4th Cir. 2017) ("The Court appropriately denies as futile leave to amend, when the applicable statute of limitations bars the proposed amended complaint.").

For the foregoing reasons, the motion to dismiss [40] is **GRANTED** and this action is **DISMISSED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 16, 2025
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.